[No. 49187-3-I.   Division One.   August 12, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. DARRELL E. MURPHY, *Appellant*.

*David L. Donnan* and *Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *James M. Whisman, Deputy*, for respondent.

PER CURIAM — ██ Darrell Murphy entered into a plea agreement based on a mutual mistake regarding the standard sentencing range. Such a plea is involuntary and constitutes a manifest injustice.[1] This is so regardless of the fact that the correct sentencing range is less onerous.[2] The remedy is that Murphy may specifically enforce the plea agreement or may withdraw his guilty plea. The choice is Murphy's, subject to the State's right to present evidence of compelling reasons not to allow Murphy's choice of remedy.[3]

The State argues that the case of *State v. McDermond*[4] rejects the rule found in *Moon*.[5] The *Moon* court held that *any* misadvisement of the standard range sentence to a defendant while deciding to accept or reject a plea agreement constituted a manifest injustice. *McDermond* holds that the analyses contained in *Moon* and *Walsh*[6] should be only one part of a three-part test to determine whether the misadvisement was material to the defendant's decision to plead guilty. We disagree. We believe the result in *McDermond* is improper given the Supreme Court's opinion in *Walsh*.

*Walsh* holds that "[w]here a plea agreement is based on misinformation, as in this case, generally the defendant may choose specific enforcement of the agreement or withdrawal of the guilty plea" unless there are compelling reasons not to allow that remedy.[7] As in *Walsh*, here the State does not argue it would be prejudiced by withdrawal of the plea nor interpose any other compelling reason.

---

[1] *State v. Walsh*, 143 Wn.2d 1, 6-9, 17 P.3d 591 (2001); *see also State v. Miller*, 110 Wn.2d 528, 531-35, 756 P.2d 122 (1988).

[2] *State v. Moon*, 108 Wn. App. 59, 63-64, 29 P.3d 734 (2001).

[3] *Moon*, 108 Wn. App. at 64.

[4] *State v. McDermond*, 112 Wn. App. 239, 47 P.3d 600 (2002).

[5] *State v. Moon*, 108 Wn. App. 59, 29 P.3d 734 (2001).

[6] *State v. Walsh*, 143 Wn.2d 1, 8-9, 17 P.3d 591 (2001).

[7] *Walsh*, 143 Wn.2d at 8-9.

The trial court erred in denying Murphy the opportunity to withdraw his plea. We reverse and remand for further proceedings.[8]

KENNEDY and ELLINGTON, JJ., concur.

Reconsideration denied April 24, 2003.

Review denied at 152 Wn.2d 1005 (2004).

---

[8] We note the trial court denied Murphy's motion the day before the *Moon* decision was filed.