THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IAN M. BERONICH, Defendant-Appellant.

Second District    No. 2—01—0665

Opinion filed October 11, 2002.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Ian Beronich, appeals the circuit court's order that

dismissed his second amended postconviction petition. Defendant contends his guilty plea to first-degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(b)) was involuntary because the court admonished him that he was eligible for an extended-term sentence but the extended-term sentencing statute was later rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

On April 10, 1990, defendant was indicted for murder and other offenses in connection with the death of Thomas Cochrane. Represented by attorney F. Keith Brown, defendant entered a negotiated guilty plea on November 28, 1990. In exchange for the plea, the State agreed to recommend a 50-year prison sentence and nol-pros the remaining charges.

The trial court admonished defendant that the normal sentencing range for murder was 30 to 60 years. Later, the court stated that the sentence could be between 20 and 60 years' imprisonment. The court also said, "Sometimes it can be extended to 60 to 100 years based upon the nature of the event, whether it was heinous or brutal or other factors." The prosecutor interjected that defendant was eligible for a sentence of natural-life imprisonment because the victim was a potential witness in a prosecution. The court added that the life sentence would be without the possibility of parole. The court also told defendant that he would serve 25 years or a little less of the 50-year sentence, assuming his good behavior in prison.

The court advised defendant of the rights that he was giving up by pleading guilty. Defendant said that no one had forced him to plead guilty, that he had sufficient time to consult with counsel, and that he had no complaints about his lawyer.

After hearing the factual basis, the court accepted the plea as knowing and voluntary. The court concurred in the negotiated disposition and sentenced defendant to 50 years' imprisonment.

Defendant did not file a direct appeal. On October 23, 1997, he filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 1996)), alleging several grounds for relief. Defendant's affidavit and other exhibits accompanied the petition. On April 16, 1998, the trial court dismissed some of the claims as frivolous and patently without merit, but appointed the public defender to represent defendant on the remaining claims.

Attorney Donald Zuelke filed an amended petition which included allegations that defendant had not been culpably negligent in filing the petition beyond the three-year time limit the Act allows (725 ILCS 5/122—1(c) (West 1996)). After a hearing, the court found that

defendant was not culpably negligent for filing the petition late, but denied the remaining claims on their merits.

On appeal, this court held that the trial court erred by summarily dismissing any of the petition's claims because the court initially considered the petition beyond the Act's 90-day time limit for summary action (725 ILCS 5/122—2.1(a) (West 1996)). *People v. Beronich*, No. 2—98—1377 (2000) (unpublished order under Supreme Court Rule 23).

Following remand, the trial court reappointed Zuelke, who filed a second amended postconviction petition for defendant. At a brief hearing, the court granted the State's motion for a directed finding on certain claims in the second amended petition but ordered a further hearing on defendant's claim that his counsel was ineffective for not moving to suppress his statements to police.

Zuelke later filed an addendum to the second amended petition arguing that during the plea colloquy the trial court had incorrectly advised defendant of the maximum sentence he faced because *Apprendi* rendered Illinois's extended-term sentencing statutes unconstitutional. The court took the matter under advisement and later issued an order denying the petition. The court rejected the *Apprendi* claim, finding that even if *Apprendi* applied defendant had waived the issue by pleading guilty without preserving this claim. Moreover, had defendant timely raised the issue, the trial court might have afforded him the right to have the jury determine the existence of the aggravating factors beyond a reasonable doubt. Defendant filed a timely notice of appeal.

On appeal, defendant argues only the *Apprendi* claim. He contends that his guilty plea was not knowing and voluntary because the trial court misadvised him about the maximum possible penalty. The trial court told him that he faced a maximum of 100 years or natural life in prison; however, *Apprendi* later made those sentences unconstitutional. Defendant contends that had he known that he faced a maximum of only 60 years in prison, he would not have agreed to accept a 50-year sentence, which was only 10 years less than the maximum.

Before proceeding to the merits of defendant's claim, we must first address several preliminary matters in order to frame the issues properly. First, the parties devote much of their briefs to arguing whether *Apprendi* even applies to this case. Defendant was convicted of first-degree murder. The question whether *Apprendi* applies to natural-life or extended-term sentences for murder in Illinois has divided the appellate court and even panels of this district. Some panels have taken the position that the enhanced sentences for first-degree murder are like any other extended-term sentences to which

*Apprendi* applies. See *People v. Swift*, 322 Ill. App. 3d 127, 129 (2001); *People v. Joyner*, 317 Ill. App. 3d 93, 110 (2000). Most recently, a majority of this court held that *Apprendi* does apply to enhanced sentences for first-degree murder. *People v. Tenney*, 329 Ill. App. 3d 430, 442 (2002). Because we dispose of this appeal on different grounds, we need not revisit this question again here, but will assume that *Apprendi* applies.

Second, assuming that *Apprendi* does apply, defendant's argument reads that decision too broadly. In *Apprendi*, the court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. Although defendant correctly states *Apprendi*'s holding, his contentions are based on the assumption that *Apprendi* renders all extended-term sentencing statutes void. This is incorrect.

■ *Apprendi* does not hold that a State may never subject a defendant to a sentence beyond the usual statutory maximum, only that the facts justifying the enhancement (other than prior convictions) must be proved to a jury beyond a reasonable doubt. The Illinois Supreme Court has held that the State's extended-term sentencing provisions are not void *ab initio* under *Apprendi*. *Hill v. Cowan*, 202 Ill. 2d 151, 155 (2002). Accordingly, that court has upheld the extended-term sentences of defendants who waived the issue by pleading guilty. *Hill*, 202 Ill. 2d at 154; *People v. Jackson*, 199 Ill. 2d 286, 295-96 (2002). Moreover, this court has held that *Apprendi* does not apply on collateral review, thus upholding extended-term sentences that were not timely challenged. See *People v. McGee*, 328 Ill. App. 3d 930, 936 (2002).

It is clear from these cases that Illinois's extended-term sentencing statutes are not void under *Apprendi*. This is significant because it means that the trial court's admonishment here that defendant was eligible for extended-term sentences was not only true under the then-existing law but remains literally true today. The only changes wrought by *Apprendi* are that the State would have to allege the enhancing factors in the indictment and prove them to a jury beyond a reasonable doubt, facts that the court's admonishments need not cover. See *Jackson*, 199 Ill. 2d at 296-97. Defendant's argument thus reduces to one that, had he known that he had the right to have a jury, rather than the trial court, decide whether his conduct was brutal and heinous, he would have rejected the State's plea offer and insisted on going to trial.

■ Having said that, we must also reject the State's contentions

that defendant cannot raise his argument because a guilty plea waives *Apprendi* claims (*Hill*, 202 Ill. 2d at 154; *Jackson*, 199 Ill. 2d at 295-96), and because *Apprendi* does not apply to cases on collateral review (*McGee*, 328 Ill. App. 3d at 936). Defendant's argument is not an *Apprendi* claim *per se* because he did not receive an extended-term sentence. The 50-year sentence to which he agreed was within the "normal" range for first-degree murder. Rather, defendant claims that his plea was not knowing and voluntary because the trial court improperly advised him of the maximum sentence for which he was eligible. A guilty plea does not waive a contention that the plea itself was involuntary because of faulty admonishments. See *People v. Gosier*, 145 Ill. 2d 127, 141-42 (1991). Moreover, such claims may be raised in a postconviction petition. See *People v. Wendt*, 283 Ill. App. 3d 947, 957 (1996).

■ We note, however, that defendant has waived his claim in another way. Although defendant argued in the addendum to the second amended petition that his plea was involuntary because of the improper admonishments, defendant presented no evidence in support of this claim. His affidavit incorporated from the original petition does not address this claim and he presented no live testimony on this issue.

A postconviction petition must include affidavits, records, or other evidence supporting its allegations or state why these documents are unavailable. 725 ILCS 5/122—2 (West 2000). Here, defendant did file an affidavit but, as noted, it does not address the claim he now makes. Defendant acknowledges this omission, but contends that the basis for the claim is "apparent from the record." We disagree.

Before accepting defendant's plea, the trial court advised him that he was eligible for a sentence of between 60 and 100 years in prison "based upon the nature of the event, whether it was heinous or brutal or other factors." See 730 ILCS 5/5—8—2(a)(1) (West 2000). The State had considerable evidence against defendant, including his own confession in which he described in detail stabbing the victim numerous times and beating him with a dumbbell. It is not "apparent" that, had defendant known he had the right to have a jury, rather than the trial judge, decide whether his conduct was brutal and heinous, he would have rejected the plea offer and insisted on going to trial. However, providing incorrect admonishments when accepting a guilty plea may be plain error. *People v. Davis*, 145 Ill. 2d 240, 250-51 (1991). Therefore, we address the issue.

Defendant contends that his plea was not knowing and voluntary because the trial court incorrectly advised him about the sentence he could receive. Defendant observes that improper admonishments about

the sentences to which a defendant is subject may render a guilty plea unknowing. See *Davis*, 145 Ill. 2d at 250; *United States v. Guerra*, 94 F.3d 989, 994-95 (5th Cir. 1996) (plea invalid where court informed defendant he was eligible for twice the actual maximum sentence available). However, in those cases, the courts' admonishments were wrong when the courts gave them.

In *Brady v. United States*, 397 U.S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970), the Supreme Court stated as follows:

> "[A]bsent misrepresentation or other impermissible conduct by state agents, [citation], a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." *Brady*, 397 U.S. at 757, 25 L. Ed. 2d at 761, 90 S. Ct. at 1473.

In other words, whether a guilty plea is intelligent and voluntary is judged in light of the law that existed when the plea was entered and a voluntary plea is not invalidated by later changes in the law. Recently, the United States Court of Appeals for the Eleventh Circuit relied on *Brady* to reject an argument nearly identical to that defendant makes here. The court held that *Brady* foreclosed the argument that *Apprendi*, because it reduced the maximum sentence defendants faced, retroactively invalidated their pleas. *United States v. Sanchez*, 269 F.3d 1250, 1285 (11th Cir. 2001). We agree with this analysis and hold that defendant's plea was voluntary.

Defendant has abandoned his contentions that his counsel provided ineffective representation. Therefore, we assume that he had the advice of competent counsel. Defendant does not claim that he was improperly coerced to plead guilty or that he was promised anything other than the explicit terms of the plea agreement. The trial court correctly advised him of the then-existing sentencing options. As noted, it is far from clear that the court's admonitions were wrong even in light of *Apprendi*, but, even assuming that they were misleading under that decision, they were correct at the time and we evaluate the plea's knowing and voluntary character by the law at the time it was entered, not with hindsight.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER and KAPALA, JJ., concur.