81 P.3d 122 (2002)
STATE of Washington, Respondent,
v.
Darrell E. MURPHY, Appellant.
No. 49187-3-I.
Court of Appeals of Washington, Division 1.
August 12, 2002.
Publication Ordered December 19, 2003.
As Amended on Denial of Reconsideration April 24, 2003.
David Doonan, Oliver Davis, Washington Appellate Project, Seattle, WA, for Appellant.
James Whisman, King County Prosecutor's Office, Seattle, WA, for Respondent.
PER CURIAM.
Darrell Murphy entered into a plea agreement based on a mutual mistake regarding the standard sentencing range. Such a plea is involuntary, and constitutes a manifest injustice.[1] This is so regardless of the fact that the correct sentencing range is less onerous.[2] The remedy is that Murphy may specifically enforce the plea agreement, or may withdraw his guilty plea. The choice is Murphy's, subject to the State's right to present evidence of compelling reasons not to allow Murphy's choice of remedy.[3]
The State argues that the case of State v. McDermond[4] rejects the rules found in Moon. The Moon court held that any misadvisement of the standard range sentence to a defendant while deciding to accept or reject a plea agreement constituted a manifest injustice. McDermond holds that the analyses contained in Moon and Walsh should only be one part of a three-part test to determine whether the misadvisement was material to the defendant's decision to plead guilty. We disagree. We believe the result in McDermond is improper given the Supreme Court's opinion in Walsh.
Walsh holds that "[w]here a plea agreement is based on misinformation, as in this case, generally the defendant may choose specific enforcement of the agreement or withdrawal of the guilty plea" unless there are compelling reasons not to allow that remedy.[5] As in Walsh, here the State does not argue it would be prejudiced by withdrawal of the plea nor interpose any other compelling reason.
We reverse and remand for further proceedings.[6] The trial court erred in denying Murphy the opportunity to withdraw his plea.
NOTES
[1] State v. Walsh, 143 Wash.2d 1, 6-9, 17 P.3d 591 (2001); see also State v. Miller, 110 Wash.2d 528, 531-35, 756 P.2d 122 (1988).
[2] State v. Moon, 108 Wash.App. 59, 63-64, 29 P.3d 734 (2001).
[3] Moon, 108 Wash.App. at 64, 29 P.3d 734.
[4] State v. McDermond, 112 Wash.App. 239, 47 P.3d 600 (2002).
[5] Walsh, 143 Wash.2d at 8-9, 17 P.3d 591.
[6] We note the trial court denied Murphy's motion the day before the Moon decision was filed.