[No. 76776-9.   En Banc.]
Argued November 15, 2005.      Decided October 12, 2006.

THE STATE OF WASHINGTON, *Respondent*, v. MATTHEW F. MEHLHAFF, *Petitioner*.

*Eric J. Nielsen* (of *Nielsen, Broman & Koch, P.L.L.C.*), for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Dennis J. McCurdy, Deputy,* for respondent.

¶1  C. JOHNSON, J. — This court is asked to determine if a defendant who pleads guilty pursuant to a plea bargain and who stipulates to "real facts" for sentencing purposes may successfully pursue a *Blakely*[1] challenge. The Court of Appeals affirmed Matthew Mehlhaff's conviction, holding that he did not make a showing the plea bargains were divisible from the stipulations, as required by *State v. Turley,* 149 Wn.2d 395, 69 P.3d 338 (2003). The issue presented in this case is controlled by our decisions in *State v. Clarke,* 156 Wn.2d 880, 134 P.3d 188 (2006), and *State v. Borboa,* 157 Wn.2d 108, 135 P.3d 469 (2006). On that basis, we affirm the Court of Appeals.

## FACTUAL AND PROCEDURAL HISTORY

¶2  Mehlhaff was charged with two counts of first degree rape of a child on December 9, 2002, for engaging in anal intercourse with his six-year-old developmentally delayed son. On November 4, 2003, Mehlhaff pleaded guilty to both

---

[1] *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

counts, with the understanding that the State would not file further charges and that federal charges would not be filed against him. As part of the plea agreement, Mehlhaff agreed to the facts set forth in the certification for probable cause, the prosecutor's summary, photos, and defendant's statement to investigators. The State also informed Mehlhaff that it would be seeking an exceptional sentence.

¶3 The plea agreement informed Mehlhaff that a judge must impose a sentence within the standard range unless the judge finds substantial and compelling reasons to depart from it. The standard range for the defendant was 120-160 months, with a statutory maximum of life. As described in the plea agreement, because Mehlhaff qualified as a non-persistent offender under former RCW 9.94A.712 (2001), the judge was required to impose an indeterminate sentence with a maximum term equal to the statutory maximum and a minimum term either within the standard range or outside the standard range if an exceptional sentence were imposed. In addition, the minimum term imposed could be increased by the Indeterminate Sentence Review Board if the board determined by a preponderance of the evidence that the defendant is more likely than not to commit sex offenses if released from custody.

¶4 The judge found two substantial and compelling reasons for imposing an exceptional sentence. First, the victim's young age and developmental problems made the victim particularly vulnerable. Second, Mehlhaff abused his position of trust as the victim's primary caregiver. On March 5, 2004, Mehlhaff was sentenced to a minimum sentence of 200 months for each charge, with the terms to run consecutively, with a maximum sentence of life. As a nonpersistent offender, Mehlhaff was also required to enter community custody for the remainder of his maximum sentence if he should be released from confinement prior to the expiration of the maximum sentence. Former RCW 9.94A.712(5). On March 9, 2004, Mehlhaff timely appealed his sentence to Division One of the Court of Appeals.

¶5 Mehlhaff also argued that the exceptional sentence statutes were facially invalid and that he was entitled to resentencing within the standard range in light of *Blakely*. Relying on its opinion in *State v. Hagar*, 126 Wn. App. 320, 105 P.3d 65 (2005), the Court of Appeals affirmed Mehlhaff's sentence in an unpublished opinion. *State v. Mehlhaff*, noted at 125 Wn. App. 1044 (2005). Mehlhaff petitioned this court for review, and review was granted. *State v. Mehlhaff*, noted at 154 Wn.2d 1033 (2005).

## ANALYSIS

¶6 Any fact that increases the penalty for a crime beyond the prescribed statutory maximum, besides the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Mehlhaff entered into his plea agreement with the understanding that Washington's sentencing scheme permits a trial judge to engage in fact finding, and if the judge finds substantial and compelling reasons, he or she may impose an exceptional sentence beyond the standard range but not exceeding the maximum allowed by the statute.

¶7 In *Blakely*, the Supreme Court clarified its holding in *Apprendi*, stating the relevant " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose based solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

¶8 We have determined *Blakely* applies only to convictions or direct appeals that were not final at the time it was announced, and *Blakely* cannot be applied retroactively on collateral review. *State v. Evans*, 154 Wn.2d 438, 114 P.3d 627 (2005). In addition, this court rejected the argument that the exceptional sentencing procedures are facially unconstitutional. *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005). In *Hughes*, petitioners' exceptional sentences were vacated and remanded for resentencing within the

standard range because the sentencing judge had engaged in improper fact finding. Mehlhaff is requesting similar relief under *Hughes*.

¶9 The Court of Appeals affirmed Mehlhaff's sentence, finding his stipulation to the real facts was an integral part of the plea agreement and was not shown to be divisible. Mehlhaff contends that he need not challenge the entire plea agreement to challenge his exceptional sentence. Under *Clarke*, 156 Wn.2d 880, and *Borboa*, 157 Wn.2d 108, *Blakely* does not apply to indeterminate minimum sentences under former RCW 9.94A.712 that do not exceed the maximum sentence imposed. Therefore, we need not reach Mehlhaff's divisibility argument.

¶10 Mehlhaff was sentenced under the indeterminate sentencing scheme of former RCW 9.94A.712. This statute permits exceptional sentences where an aggravating factor listed in former RCW 9.94A.535(2) (2003) is present. Former RCW 9.94A.535(2) lists vulnerability of the victim and abuse of a position of trust as part of the exclusive list of factors that support a sentence above the standard range. Former RCW 9.94A.535(2)(b), (2)(d)(iv). The sentencing judge found that these two factors were substantial and compelling reasons for imposing an exceptional sentence.

¶11 In *Clarke* and *Borboa*, we held that exceptional minimum sentences imposed under former RCW 9.94A.712 do not violate the Sixth Amendment if they do not exceed the maximum sentence imposed. In order to violate the Sixth Amendment under *Blakely*, Mehlhaff's exceptional minimum sentence must exceed the relevant statutory maximum. In the present case, the statutory maximum sentence is life in prison. *Blakely* does not apply to Mehlhaff's exceptional minimum sentence of 200 months for each offense because both sentences are less than the statutory maximum sentence.

## CONCLUSION

¶12 Under *Clarke* and *Borboa*, exceptional minimum sentences under the indeterminate sentencing scheme of

former RCW 9.94A.712 do not violate *Blakely* where the exceptional minimum sentence does not exceed the statutory maximum and substantial and compelling reasons exist for imposing an exceptional sentence. Mehlhaff's exceptional sentence does not exceed the statutory maximum, and two independent facts justify his exceptional sentence. We affirm the Court of Appeals.

ALEXANDER, C.J., and MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶13 SANDERS, J. (dissenting) — The majority concludes a judge may impose an exceptional minimum sentence on the basis of an aggravating factor neither found by the jury nor admitted by the defendant. For the reasons stated in my dissent to *State v. Clarke*, 156 Wn.2d 880, 897, 134 P.3d 188 (2006) (Sanders, J., dissenting), I disagree.

¶14 Matthew Mehlhaff pleaded guilty to two counts of first degree rape of a child and stipulated to the "real facts" supporting the charges. But he did not stipulate to an aggravating factor supporting an exceptional minimum sentence. The judge found Mehlhaff's crimes an abuse of his position of trust and his victim particularly vulnerable, facts neither found by the jury nor admitted by Mehlhaff. The judge found two aggravating factors on the basis of those findings. And the judge imposed an exceptional minimum sentence on the basis of those aggravating factors.

¶15 The Sixth Amendment prohibits a judge from imposing a penalty not authorized by the facts found by the jury or admitted by the defendant. *See Blakely v. Washington*, 542 U.S. 296, 305, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). An exceptional minimum sentence is a penalty. And under Washington law, a judge may impose an exceptional minimum sentence only if an aggravating factor exists. Consequently, a judge cannot impose an exceptional minimum sentence on the basis of an aggravating factor neither found by the jury nor admitted by the defendant.

¶16 Because Washington law authorized the judge to impose an exceptional minimum sentence only if an aggravating factor existed, *Blakely* prohibited the judge from finding facts supporting an aggravating factor. But the judge found aggravating factors on the basis of facts neither found by the jury nor admitted by Mehlhaff. And the judge imposed an exceptional minimum sentence on the basis of those aggravating factors. The Sixth Amendment entitles Mehlhaff to a standard range minimum sentence.

¶17 I dissent.