[No. 11598-7-I.   Division One.   May 31, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JEROME POWELL, *Appellant.*

*Christopher Boutelle,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for respondent.

WILLIAMS, J.—The defendant, Jerome Powell, appeals, following a jury trial, his conviction of first degree murder pursuant to RCW 9A.32.030(1)(a). We affirm.

The undisputed facts essential to the disposition of this case are as follows: On August 10, 1979, Powell was charged with first degree felony murder, RCW 9A.32.030(1)(c)(5) and first degree kidnapping, RCW 9A.40.020(1)(c). On October 2, 1979, the day of trial, but before a jury was selected, Powell entered a plea of guilty to first degree felony murder. Before sentencing, he moved to withdraw his plea. The motion was denied and Powell appealed. *State v. Powell,* 29 Wn. App. 163, 627 P.2d 1337 (1981).

This court set aside Powell's plea of guilty for the reason that the record did not contain a sufficient factual basis to sustain the plea, and remanded the cause to the superior court for Powell to replead. On July 16, 1981, the cause was mandated to the superior court. Two weeks later Powell was charged by an amended information with premeditated

first degree murder, RCW 9A.32.030(1)(a), to which he pleaded not guilty. At a pretrial hearing, Powell moved to dismiss the amended charge on the grounds that (1) he had been denied his right to a speedy trial, CrR 3.3, because the State had failed to join a related offense, CrR 4.3(c), and (2) the amended information violated his right against double jeopardy. The trial court denied the motion. Powell was subsequently found guilty by a jury and appeals.

Initially, Powell contends that the trial court violated his rights to a speedy trial when it exercised its discretion in permitting the State to amend the information. He argues that the amended information was actually a new charge, which must have been joined at the initial filing under CrR 4.3 and that now more than 90 days have elapsed requiring a dismissal with prejudice. Additionally, he argues that first degree murder under RCW 9A.32.030(1)(a) involving premeditated intent to cause death and first degree felony murder under RCW 9A.32.030(1)(c)(5) involving a death resulting from kidnapping describe distinct criminal offenses rather than alternative means of committing first degree murder. We do not agree.

An amendment of the original information is a matter addressed to the sound discretion of the trial court. CrR 2.1(d). An existing information which notifies the accused of the offense charged may be amended to include an alternative means of committing a crime formerly charged, if substantial rights of the defendant are not prejudiced. *State v. Primeau*, 70 Wn.2d 109, 115–16, 422 P.2d 302 (1966); *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Russell*, 33 Wn. App. 579, 585, 657 P.2d 338 (1983).

In determining if the Legislature intended to define a single crime which may be committed by different means or to define two crimes, the Supreme Court in *State v. Arndt*, 87 Wn.2d 374, 379, 553 P.2d 1328 (1976) (quoting *State v. Kosanke*, 23 Wn.2d 211, 213, 160 P.2d 541 (1945)) stated:

> [T]here may be many factors that will aid the court, such as [1] the title of the act; [2] whether there is a

readily perceivable connection between the various acts set forth; [3] whether the acts are consistent with and not repugnant to each other; [4] and whether the acts may inhere in the same transaction.

Applying these factors to RCW 9A.32.030(1)(a) and (c) it appears that the Legislature intended to specify alternative means of committing a single offense. The Legislature placed both RCW 9A.32.030(1)(a) and (c) under the title "Murder in the First Degree", Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.32.030. It is obvious that the perceivable connection is the causing of the death of a human being. The methods of committing first degree murder are not repugnant to each other; proof of an offense under one subsection does not disprove an offense under the other subsection. Finally, the prohibited acts may adhere in the same transaction. *See State v. Russell, supra* (upholding second degree murder and second degree felony murder). Because the amended information alleges only an alternative means of committing first degree murder, the trial court did not abuse its discretion in permitting the State to amend the information and there was no violation of CrR 3.3, the speedy trial rule.

Next, Powell contends CrR 4.3(c)(3) requires dismissal because the State failed to join a related offense. This argument is without merit for the reason that CrR 4.3(c)(3) only applies to a defendant who has formerly been "tried" since his plea of guilty was set for a related offense. *State v. Russell, supra. See State v. Anderson,* 96 Wn.2d 739, 638 P.2d 1205 (1982). Here, Powell was never "tried" and CrR 4.3(c)(3) was not violated.

Finally Powell argues that the amended information subjected him to double jeopardy following withdrawal of his guilty plea. He argues that his plea of guilty, accepted by the court, has the same effect as a verdict of guilty, *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966). In *State v. Anderson,* 96 Wn.2d 739, 742, 638 P.2d 1205 (1982) the court held:

The protection against double jeopardy protects a citizen from being placed in the hazardous position of standing trial more than once for the same offense. *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 6 A.L.R.2d 1119 (1957). If the appellate court reverses a conviction and remands for a new trial, the double jeopardy clause is ordinarily not offended. *United States v. Tateo,* 377 U.S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587 (1964). Nor is the protection offended when the first trial is on a defective information. *State v. Burns,* 54 Wash. 113, 102 P. 886 (1909). However, if an appellate court reverses a conviction based upon insufficiency of the evidence, a retrial is not permissible under this doctrine. *Hudson v. Louisiana,* 450 U.S. 40, 67 L. Ed. 2d 30, 101 S. Ct. 970 (1981); *Burks v. United States,* 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978). If the reversal is not for insufficiency of evidence, the defendant may be retried for the convicted offense and any lesser included offenses. Defendant may not, however, be retried on an offense of a higher degree because he has implicitly been acquitted of the higher degrees of the crime. *See State v. Schoel,* 54 Wn.2d 388, 341 P.2d 481 (1959); *State v. Murphy,* 13 Wash. 229, 43 P. 44 (1895); 3 C. Torcia, *Wharton on Criminal Evidence* § 655 (13th ed. 1972).

Although the appellate court did not remand for a new trial, the same reasoning should apply. When the plea was set aside the State was free to prosecute Powell for first degree murder and jeopardy did not attach.

Affirmed.

RINGOLD and CORBETT, JJ., concur.

Reconsideration denied November 1, 1983.