17 P.3d 591 (2001)
143 Wash.2d 1
STATE of Washington, Respondent,
v.
Timothy Patrick WALSH, Petitioner.
No. 68979-2.
Supreme Court of Washington, En Banc.
Argued September 21, 2000.
Decided February 8, 2001.
*592 Sonderman & Swanberg, Carl G. Sonderman, Kennewick, for Petitioner.
Steven Lowe, Franklin County Prosecutor, David Wayne Corkrum, Deputy, Pasco, for Respondent.
MADSEN, J.
The defendant agreed to plead guilty to second-degree rape in exchange for the prosecutor's promise to recommend a sentence at the low end of the standard range. However, the parties were mistaken about the proper standard range sentence the standard range is higher than contemplated by the plea agreement. We hold that the plea agreement was not voluntary and that the defendant is entitled to challenge the plea's validity for the first time on appeal.

Facts
Defendant Timothy Walsh was originally charged with first-degree kidnapping, first-degree rape, and second-degree assault. He agreed to a reduced charge of second-degree rape in exchange for dismissal of the other counts and the prosecutor's promise to recommend the low end of the standard range.[1] The plea form shows that Walsh had one prior conviction for vehicular assault. Both the defense and the prosecution mistakenly understood that based upon that history, the standard range is 86 to 114 months, and the plea agreement therefore provided that the prosecutor would recommend an 86-month sentence.
In response to the court's questions at the plea hearing, Walsh said that he understood that the maximum sentence for second-degree rape is life, and that his standard range is 86 to 114 months. He also said that he understood that in exchange for his guilty plea he was promised only that the prosecutor would recommend a sentence of 86 months. He stated that he understood that the court was not required to follow the State's recommendation. The court accepted the plea agreement, finding that Walsh entered the guilty plea knowingly, intelligently, and voluntarily.
After the plea hearing and before the sentencing hearing, the community corrections officer who prepared the presentence report concluded that the vehicular assault conviction counted as two points, which resulted in a standard range of 95 to 125 months. The officer asked the court to impose an exceptional sentence of 136 months based upon deliberate cruelty to the victim.
At sentencing, the prosecutor told the court that the standard range is 95 to 125 months, and recommended the low end of this range, 95 months. Defense counsel asked the court to impose a sentence at the bottom end of the standard range. Nothing in the record shows that Walsh himself was ever advised or realized before the sentencing proceeding that the standard range is not what the parties believed when the plea agreement was reached and accepted by the court. He was clearly not advised of the new standard range at that proceeding, and nothing suggests he was then aware of the change in the prosecutor's recommendation. There was simply no discussion of the matter at all. Walsh did not move to withdraw the guilty plea.
The court sentenced Walsh to an exceptional sentence of 136 months. Walsh appealed, raising several challenges. The Court of Appeals affirmed, reasoning, among other things, that while Walsh had a right to withdraw his plea once it became apparent that the plea was based upon an incorrect understanding of the standard range, he waived any error by "electing to proceed with the sentencing and by not moving for withdrawal of his plea." State v. Walsh, No. 17485-9-III, slip op. at 5, 97 Wash.App. 1092, 1999 WL 1044196 (Wash.Ct.App. Nov.16, 1999).
We granted Walsh's petition for discretionary review. He raises only one issue in *593 the petition: whether a challenge to the voluntariness of a guilty plea is waived if a defendant who enters a plea agreement fails to move to withdraw the guilty plea and proceeds with sentencing after it becomes apparent that the plea is based upon a misunderstanding as to the standard range sentence.

Analysis
The plea agreement here conforms to RCW 9.94A.080, which authorizes a prosecutor to agree to dismissal of other counts and to recommend a particular sentence within the sentence range. Pursuant to CrR 4.2(d) the court "shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." See State v. Wakefield, 130 Wash.2d 464, 472, 925 P.2d 183 (1996); State v. Miller, 110 Wash.2d 528, 531, 756 P.2d 122(1988). There is a strong public interest in enforcement of plea agreements that are voluntarily and intelligently made. In re Personal Restraint of Breedlove, 138 Wash.2d 298, 309, 979 P.2d 417 (1999).
However, a trial court must allow withdrawal of a guilty plea "to correct a manifest injustice." CrR 4.2(f) Nonexclusive criteria as to what constitutes manifest injustice include (1) the denial of effective counsel; (2) the defendant or one authorized by the defendant did not ratify the plea; (3) the plea was involuntary; or (4) the prosecution breached the plea agreement. Wakefield, 130 Wash.2d at 472, 925 P.2d 183; State v. Saas, 118 Wash.2d 37, 42, 820 P.2d 505 (1991). Walsh contends that his plea was not voluntary because of the mutual mistake about the standard range sentence and therefore he is entitled to withdraw the plea.
While the Court of Appeals agreed that Walsh had the right to withdraw his guilty plea when it became apparent that it was based upon a misunderstanding of the standard range, the court held that Walsh waived the error by electing to proceed with sentencing and failing to move at the trial court for withdrawal. We disagree.
In In re Personal Restraint of Hews, 99 Wash.2d 80, 660 P.2d 263 (1983), this court reviewed a challenge to the voluntariness of a plea agreement which was raised for the first time by way of a personal restraint petition. It follows that the issue can be raised for the first time on appeal. See also In re Personal Restraint of James, 96 Wash.2d 847, 849, 640 P.2d 18 (1982). In State v. Skiggn, 58 Wash. App. 831, 795 P.2d 169 (1990), as in this case, an error was made in calculating the standard range. The defendant was given an opportunity to withdraw his plea, but declined, apparently hoping the court would specifically enforce the agreement. On appeal, the Court of Appeals held that specific performance would be unjust under the circumstances because the error was largely attributable to the defense (not the case here). The court held that although the defendant was not entitled to specific performance, he should be given another opportunity to withdraw the plea, now that he knows specific enforcement was not an option. Skiggn, 58 Wash.App. at 838-39, 795 P.2d 169. In accord with these cases, Walsh should be allowed to raise the issue of the validity of his plea for the first time on appeal. He was never even offered an opportunity to withdraw his plea or to seek specific performance; the new standard range was not brought to his attention at the sentencing hearing.
Moreover, RAP 2.5(a)(3) provides that "manifest error affecting a constitutional right" may be raised for the first time on appeal. Division Two of the Court of Appeals recently discussed the rule in the context of a claim raised for the first time on appeal that the prosecution breached a plea agreement by undermining the agreement and arguing for a sentence greater than the agreed-to recommendation. As that court noted, a defendant gives up constitutional rights by agreeing to a plea agreement, and, because fundamental rights of the accused are at issue, due process considerations come into play. State v. Van Buren, 101 Wash. App. 206, 211, 2 P.3d 991 (2000); see State v. Tourtellotte, 88 Wash.2d 579, 583, 564 P.2d 799 (1977) ("[a] plea of guilty constitutes a waiver of significant rights by the defendant, among which are the right to a jury trial, to *594 confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt"); State v. Sledge, 133 Wash.2d 828, 839, 947 P.2d 1199(1997) (due process requires that the prosecutor adhere to the plea agreement); In re Personal Restraint of Montoya, 109 Wash.2d 270, 277, 744 P.2d 340 (1987) (due process requires that a guilty plea be knowing, intelligent and voluntary); State v. Lewis, 16 Wash.App. 132, 135, 553 P.2d 127 (1976) (same) (citing, among other cases, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)); see Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).
The Court of Appeals in Van Buren correctly reasoned that a claim of error based upon a breach of a plea agreement involves an issue of constitutional magnitude that may be raised for the first time on appeal under RAP 2.5(a)(3). Similarly, given the fundamental constitutional rights of an accused which are implicated when a defendant pleads guilty, a claim that a guilty plea pursuant to a plea agreement was involuntary due to a misunderstanding about the standard range sentence is the kind of constitutional error that RAP 2.5(a)(3) encompasses.[2]
"Manifest" in RAP 2.5(a)(3) means that a showing of actual prejudice is made. State v. McFarland, 127 Wash.2d 322, 333-34, 899 P.2d 1251 (1995); State v. Scott, 110 Wash.2d 682, 688, 757 P.2d 492 (1988). The court previews the merits of the claimed constitutional error to determine whether the argument is likely to succeed. State v. WWJ Corp., 138 Wash.2d 595, 603, 980 P.2d 1257 (1999). Walsh's claim that his plea was not voluntary is clearly likely to succeed. "A defendant must understand the sentencing consequences for a guilty plea to be valid." Miller, 110 Wash.2d at 531, 756 P.2d 122; see Skiggn, 58 Wash.App.2d 831, 795 P.2d 169. Walsh may raise the issue of the involuntariness of his plea for the first time on appeal.
Walsh has established that his guilty plea was involuntary based upon the mutual mistake about the standard range sentence. Where a plea agreement is based on misinformation, as in this case, generally the defendant may choose specific enforcement of the agreement or withdrawal of the guilty plea. Miller, 110 Wash.2d 528, 756 P.2d 122. The defendant's choice of remedy does not control, however, if there are compelling reasons not to allow that remedy. Id. at 535, 756 P.2d 122. Walsh has chosen to withdraw his plea. The State has not argued it would be prejudiced by withdrawal of the plea. See Miller, 110 Wash.2d at 536, 756 P.2d 122 (State bears the burden of showing defendant's choice of remedy is unjust) State v. Moore, 75 Wash.App. 166, 173, 876 P.2d 959(1994) (defendant was allowed his choice of remedy where the State did not argue it would be prejudiced by withdrawal of the plea but instead conceded it could still procure its key witness for trial).[3]
*595 The State suggests, however, that Walsh implicitly elected to specifically enforce the agreement by proceeding with sentencing with the prosecutor recommending the low end of the standard range. The record does not support this contention. Nothing affirmatively shows any such election, and on this record Walsh clearly was not advised either of the misunderstanding or of available remedies.[4]
Finally, there is no merit to the State's suggestion that defendant's choice makes no difference because the court imposed an exceptional sentence of 136 months. The issue here is whether the defendant voluntarily pleaded guilty. Since he did not, imposition of an exceptional sentence based upon that guilty plea cannot stand.
Walsh is entitled to withdraw his guilty plea.[5]
The Court of Appeals is reversed and this case is remanded for further proceedings.
ALEXANDER, C.J., SMITH, JOHNSON, IRELAND, BRIDGE, JJ., and GUY, J.P.T., and TALMADGE, J.P.T., concur.
ALEXANDER, C.J. (concurring).
I agree with the majority opinion in every respect. I write separately only for the purpose of indicating that I do not subscribe to the view expressed by Justice Talmadge, in his concurring opinion, that the "State is free to again charge Walsh with any charges it dismissed as part of the plea agreement with Walsh." Concurrence at 595. That issue was not presented to this court and, consequently, it was not briefed by the parties or discussed at argument. In my view, it is inappropriate for us to put our imprimatur on a charge or charges that have not yet and may never be leveled. Under principles of separation of powers, the charging decision is for the prosecuting attorney and we should resist the temptation to dispense hints that might influence that decision. If and when the dismissed charges are refiled, Walsh can, if he desires, squarely present the issue of the validity of the charge to the trial court. Only then would the issue be ripe for resolution.
SANDERS, J., concurs.
TALMADGE, J.[*] (concurring)
I agree entirely with the majority's analysis of the issues in this case. I write separately to emphasize the nature of our ordered remedy.
In effect, our decision invalidates the contract entered between Timothy Walsh and the State. See State v. Sledge, 133 Wash.2d 828, 838-39, 947 P.2d 1199 (1997) (plea agreement is in nature of contract). This means the State is free to again charge Walsh with any charges it dismissed as part of the plea agreement with Walsh; jeopardy under the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution never attached to those dismissed charges. See Santobello v. New York, 404 U.S. 257, 263 n. 2, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Powell, 34 Wash.App. 791, 794-95, 664 P.2d 1 (1983).
*596 In Powell, Powell was originally charged with felony murder in the first degree and kidnapping in the first degree. He pleaded guilty only to the former crime. The plea was set aside on appeal and the case was remanded to the trial court. The State then charged Powell by amended information with first degree premeditated murder. The Court of Appeals upheld such a charge, reasoning jeopardy did not attach to the set-aside plea. Powell, 34 Wash.App. at 795, 664 P.2d 1.
In an analogous setting, we have held the reversal of a criminal conviction does not result in jeopardy attaching (unless the reversal is for insufficiency of the evidence), and a defendant may be tried on reversal. State v. Brown, 127 Wash.2d 749, 757, 903 P.2d 459 (1995).
Walsh is entitled to withdraw his guilty plea. On remand, Walsh and the State should be restored to the status quo ante the entry of the plea agreement which is the subject of the case.
NOTES
[1] Walsh entered an Alford plea pursuant to North Carolina v.. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] We find State v. Giebler, 22 Wash.App. 640, 642-43, 591 P.2d 465 (1979), unpersuasive. This case was cited by the Court of Appeals for the proposition that the failure to object precluded Walsh from raising a related issue for the first time on appeal, i.e ., that the prosecutor breached the agreement by recommending 95 months, the low end of the correct standard range, rather than 86 months as agreed. In Giebler, the defendant contended that the State breached the plea agreement to recommend a deferred sentence, and on appeal sought specific performance. The Court of Appeals held that when it became apparent to the defendant that the State was changing its recommendation, the defendant was under a duty to move to withdraw his plea or to have the agreement specifically enforced. Giebler, 22 Wash.App. at 644, 591 P.2d 465. The failure to object precluded his raising the issue for the first time on appeal. Id. Giebler does not address RAP 2.5(a)(3), and relies on out of state cases having different rules for raising issues on appeal.
[3] The Court of Appeals said in Van Buren that allowing the raising of issues of constitutional magnitude for the first time on appeal can result in a process where the defendant suffers no penalty for failing to avail himself or herself of remedies at the trial court, and may, by appealing the issue of breach of a plea agreement, obtain an additional two years to decide whether to seek withdrawal or specific performance. State v. Van Buren, 101 Wash.App. 206, 212 n. 2, 2 P.3d 991 (2000). The court noted that in that time the State's witnesses may be unavailable or memories may have faded. Id.

Where plea agreements are claimed to be involuntary or to have been breached by the prosecution, the rule is that the defendant's choice of remedy controls unless it would be unjust. If the State would be prejudiced in presenting its case by the passage of time, it can ask that the defendant's remedy be limited to specific performance.
[4] We note that, in any event, the prosecutor did not make a recommendation in accord with the terms of the plea agreement, which expressly stated that he would recommend an 86 month sentencethere was no attempt to specifically perform.
[5] It appears under the facts of this case that the parties will be returned to the status quo ante. See Santobello v. New York, 404 U.S. 257, 262-63, 263 n. 2, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (the defendant was charged with two felony counts but pleaded guilty to one lesser included offense in exchange for the prosecutor's promise to make no sentence recommendation, and the prosecutor breached the agreement; the Court held that the ultimate relief to which the defendant was entitled was within the discretion of the state court, but added that "[i]f the state court decides to allow withdrawal of the plea, the petitioner will, of course, plead anew to the original charge on two felony counts"); State v. Miller, 110 Wash.2d 528, 531, 756 P.2d 122 (1988) (where a plea agreement is based upon misinformation or the prosecution breaches the plea, the court can allow the accused to withdraw the plea "and be tried anew on the original charges" or grant specific performance).
[*] Justice Philip Talmadge is serving as pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a) (amend.38).