IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 32783-3-III |
| Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES R. SOKOLIK II, | ) |
| | ) UNPUBLISHED OPINION |
| Appellant. | ) |

BROWN, A.C.J. — Charles R. Sokolik II pleaded guilty to third degree assault and

harassment following an altercation with his neighbor. He appeals, contending the trial

court erred by accepting his guilty plea because it was, according to him, not voluntary.

Because the record shows otherwise, we disagree and affirm.

FACTS

Mr. Sokolik approached his neighbor while the neighbor was in his backyard and,

without provocation, slapped him and then pointed a handgun at him. The State

charged Mr. Sokolik with third degree assault and harassment. At an August 1, 2014

plea hearing, Mr. Sokolik appeared agitated and uncooperative. The court noted Mr.

Sokolik "doesn't understand what's going on." Report of Proceedings (RP) at 4. Mr.

Sokolik responded, "I understand what's going on." *Id.* The court continued to ask Mr.

Sokolik questions and then stopped the proceedings, stating, "[Mr. Sokolik is] just giving

me this straight attitude . . . you're giving me this attitude that I don't want to be here, I'm being a wise guy. You're pretending to be a little bit obtuse about these questions." RP at 9-10. The court then continued the plea hearing until August 15, 2014.

At the second plea hearing, the court reviewed the guilty plea statement with Mr. Sokolik and asked, "Let the record reflect Mr. Sokolik has pled guilty to Count I, third degree assault; Count II, harassment . . . . Are you offering this plea freely and voluntarily?" RP at 1004. Mr. Sokolik replied, "Yes." *Id.*

Moreover, in the plea statement, Mr. Sokolik stated, "I make this plea freely and voluntarily." Clerk's Papers at 75. The court accepted his plea and sentenced Mr. Sokolik under the first-time offender alternative. Mr. Sokolik appealed.

## ANALYSIS

Mr. Sokolik argues, for the first time on appeal, the trial court erred by accepting his guilty plea because it was involuntary. Because this challenge has constitutional implications, we address its merits for the first time on appeal. *State v. Walsh*, 143 Wn.2d 1, 7-8, 17 P.3d 591 (2001). Due process requires that a guilty plea be knowing, intelligent, and voluntary. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). We review constitutional challenges de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010).

A conviction based on a guilty plea that is not knowing and voluntary is constitutionally invalid. *State v. Chervenell*, 99 Wn.2d 309, 312, 662 P.2d 836 (1983). CrR 4.2 provides procedural safeguards to ensure the defendant's constitutional rights

are protected. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). Under CrR 4.2(d), the trial court cannot accept a defendant's guilty plea without first determining that the defendant has entered into the plea voluntarily, competently, and with an understanding of the nature of the charge and the consequences of the plea. Once a plea is entered, the defendant bears the burden to show an involuntary plea. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). Given the procedural safeguards inherent in plea proceedings, the defendant's burden of proof requires more evidence than "a mere allegation by the defendant." *Osborne*, 102 Wn.2d at 97.

In *Osborne*, one of the defendants moved to withdraw his guilty plea, stating his plea was involuntary because his wife threatened to commit suicide if he went to trial. 102 Wn.2d at 96-97. The Supreme Court determined that because the defendant had "specifically stated, several times during the plea proceedings, that his guilty plea was voluntary and free of coercion," these statements on the record constituted "highly persuasive evidence of voluntariness" that required more than just a "mere allegation of the defendant" to be overcome. *Id.* at 97.

Here, Mr. Sokolik, like Mr. Osborne, offers merely his own statement indicating his plea was involuntary. While he points to an initial plea hearing where the court noted he was being uncooperative, the bulk of our record shows Mr. Sokolik's acknowledgment that the plea was voluntary. In short, Mr. Sokolik has not met his burden in proving his plea was involuntary. Thus, the trial court did not err in accepting it.

3

No. 32783-3-III
*State v. Sokolik*

At the end of Mr. Sokolik's brief, without assigning error, his appellate counsel notes Mr. Sokolik expressed concerns about alleged department of correction actions regarding drug evaluation and treatment order. But the record shows none was ordered. "Typically, where the record does not support an argument or there is evidence outside of the record, the remedy is to bring a personal restraint petition with evidence in support of the claim." *State v. Turner*, 167 Wn. App. 871, 881, 275 P.3d 356 (2012).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

4