# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 76758-5-I |
| Respondent, | |
| v. | DIVISION ONE |
| A.M., a minor, | UNPUBLISHED OPINION |
| Appellant. | FILED: July 30, 2018 |

LEACH, J. — A.M.[1] appeals her conviction for possession of a controlled substance for possession of methamphetamine. She challenges the sufficiency of the evidence supporting the trial court's conclusion that she did not prove the affirmative defense of unwitting possession. She also claims manifest constitutional error on the ground that the trial court admitted her compelled statement that the backpack containing the methamphetamine was her property. And she contends that the offense of possession of a controlled substance violates due process.

The fact that A.M. was the only person observed touching or handling the backpack, in addition to the trial court's other findings, supports the court's conclusion that A.M. did not prove unwitting possession. Because A.M. does not

---

[1] The court grants A.M.'s motion to change the caption and use her initials in the opinion. The court denies the balance of her motion.

show that admitting her allegedly compelled statement prejudiced her and our Supreme Court has affirmed the legislature's authority to make possession a strict liability offense, A.M. does not show manifest constitutional error or a due process violation. We affirm.

## BACKGROUND

On October 24, 2015, Kent Caldwell, loss prevention manager at Goodwill, became suspicious of two juvenile females and one adult female who were shopping together in the store. He saw the adult female put two Halloween costumes into a shopping cart. Then he saw a juvenile, later identified as A.M., remove the costumes from their hangers and put them in the large pocket of a backpack that was in the cart. He testified that as the women moved toward the front door and abandoned the shopping cart, A.M. put on the backpack and exited the store. Caldwell detained her outside of the store.

Police Officer Rodney Wolfington arrested A.M. and then searched the backpack. In a small compartment of the backpack he found a medicine bottle with methamphetamine in it. The State charged A.M. with possession of a controlled substance and third degree theft. After a bench trial, the trial court found A.M. guilty as charged. A.M. appeals her conviction for possession of a controlled substance.

ANALYSIS

Unwitting Possession

A.M. challenges the trial court's decision that she did not prove an unwitting possession defense by a preponderance of the evidence. We affirm the trial court.

This court reviews de novo whether the trial court's findings of fact support its conclusions of law.[2] We treat unchallenged findings of fact as true on appeal.[3] And we review whether substantial evidence supports the trial court's challenged factual findings,[4] viewing the record in the light most favorable to the prevailing party—in this case, the State.[5] "Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding."[6] In the absence of a finding on a factual issue, a reviewing court presumes that the party with the burden of proof failed to sustain her burden.[7]

Possession of a controlled substance[8] is a strict liability crime, which means a crime without an intent requirement.[9] The State must prove the nature of the

---

[2] Dep't of Labor & Indus. v. Shirley, 171 Wn. App. 870, 879, 288 P.3d 390 (2012).
[3] Shirley, 171 Wn. App. at 879.
[4] State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).
[5] Harrison Mem'l Hosp. v. Gagnon, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002).
[6] Hill, 123 Wn.2d at 644.
[7] State v. Beaver, 184 Wn. App. 235, 251, 336 P.3d 654 (2014) (explaining that because the defendant had the burden to prove that he had regained his sanity and the trial court did not make any findings about his mental health, he bore the consequences of failing to obtain such a finding), aff'd, 184 Wn.2d 321, 358 P.3d 385 (2015).
[8] RCW 69.50.4013.
[9] State v. Bradshaw, 152 Wn.2d 528, 537-38, 98 P.3d 1190 (2004).

substance and the fact of possession but not that the defendant knowingly possessed the substance.[10] To avoid criminal liability, the defendant can prove, by a preponderance of the evidence, the affirmative defense of unwitting possession.[11]

Here, the trial court stated in its conclusions of law, "[A.M.] has not proven unwitting possession by a preponderance of the evidence." Because the trial court did not make a factual finding that A.M. persuaded the court of her unwitting possession, we presume, consistent with the trial court's conclusion of law, that A.M. failed to meet her burden. Because we are reviewing whether the absence of a finding that A.M. proved unwitting possession supports the court's conclusion that A.M. did not meet her burden, we review A.M.'s failure to meet her burden as we would a challenged finding of fact. We must therefore determine whether, considering the evidence in the light most favorable to the State, a rational trier of fact could have found that A.M. failed to prove the defense of unwitting possession by a preponderance of the evidence.

A.M. asserts that because the trial court's findings are unrelated to the issue of unwitting possession and the court did not find that she lied when testifying, the evidence requires the conclusion that she proved unwitting possession by a preponderance of the evidence. The trial court made these findings:

1.  The incidents in the case at bar occurred on October 24, 2016, in Snohomish County, Washington.
2.  The respondent was in Goodwill with two other persons.

---

[10] Bradshaw, 152 Wn.2d at 537-38.
[11] Bradshaw, 152 Wn.2d at 531, 538.

-4-

3. The respondent pushed the shopping cart containing a blue backpack while in the store.

4. The respondent concealed Goodwill merchandise into the blue backpack.

5. The respondent put the backpack on her back and left the store with concealed merchandise, passing all points of sale.

6. Methamphetamine was recovered from the backpack, as was the stolen Goodwill merchandise.

7. No one else was observed touching or handling the backpack.

8. Respondent's possession of the controlled substance was both actual and constructive.

A.M. challenges only the first finding of fact. Although the trial court found that the incidents at issue occurred on October 24, 2016, the record shows that they occurred on October 24, 2015. A.M. does not challenge the remaining findings, so we treat them as true.

"[C]redibility determinations are solely for the trier of fact [and] cannot be reviewed on appeal."[12] The trial court did not include in its findings A.M.'s testimony supporting her defense. Although the trial judge stated that she did not believe that A.M. perjured herself, she explained that she and A.M. had a "difference [of] opinion as to what happened." The trial judge stated that she weighed most heavily in making her determination the facts that A.M. "was the only person that was putting items in the backpack, . . . was the one that walked out with the backpack[, and] was the only one that was possessing the backpack."

Although A.M. testified that the backpack came from her friend's house, that she returned the backpack to her friend's house after she was released from detention, and that she did not know that the methamphetamine was in the backpack, the court concluded that A.M. did not meet her burden. The court clearly

---

[12] Morse v. Antonellis, 149 Wn.2d 572, 574, 70 P.3d 125 (2003).

made a credibility determination and found A.M.'s testimony, the primary evidence supporting her defense, insufficient to prove unwitting possession. As the court stated in its findings, A.M. pushed the cart, put the costumes into the backpack, left the store with the backpack, and was the only person observed touching or handling the backpack. From this evidence, a rational trier of fact could have found that A.M. did not meet her burden.

### Right against Self-Incrimination

Next, A.M. claims that the court violated her federal and state constitutional rights against self-incrimination by admitting her compelled statement that the backpack was her property.[13] We disagree.

First, A.M. did not preserve the issue for appeal. Normally, a party may appeal an evidence decision only on the specific ground the objection made at trial.[14] But a party may raise for the first time on appeal a manifest error affecting a constitutional right.[15] Here, although A.M.'s trial counsel objected based on relevance, he did not argue a Fifth Amendment violation. On appeal, A.M. claims manifest constitutional error.

When a party claims manifest constitutional error, we preview the issue to determine whether there is both error and prejudice. If not, we do not review the claim. A showing of prejudice requires that the defendant establish that the

---

[13] The Fifth Amendment to the United States Constitution states, "No person shall . . . be compelled in any criminal case to be a witness against himself." Article 1, section 9 of the Washington Constitution states, "No person shall be compelled in any criminal case to give evidence against himself."

[14] State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).

[15] RAP 2.5(a)(3); State v. Walsh, 143 Wn.2d 1, 7, 17 P.3d 591 (2001).

asserted error had practical and identifiable consequences in the trial.[16]  Here, because we conclude that the alleged error caused no prejudice, we do not review the claim.

Ashley Thomas, a juvenile court supervisor at the Denny Juvenile Detention Center, testified that as part of the intake process, juveniles review with staff and sign a property sheet listing the items they brought in to ensure that they leave with those same items.  The statement above the signature line on the property sheet reads, "I have read the above accounting of my property and money and find it to be accurate.  I realize that property not claimed within 30 days will be subject to disposal."  A.M.'s signed property sheet listed the items that A.M. arrived with, including the backpack that had contained the methamphetamine.  A.M. claims that the admission of her statement that the backpack belonged to her violated her right against self-incrimination and caused prejudice because the State used her statement to argue that she had effectively confessed to owning the backpack.

But even if admission of A.M.'s statement violated her Fifth Amendment right against self-incrimination, she cannot prove prejudice.  In its closing, the State reasoned, "We know that she signed for the backpack, indicated it was her property when she was booked in.  We know that she signed for it again when she was released, even though today she has testified that it wasn't her backpack."  The trial court responded, "Quite frankly, whether [A.M.] removed the backpack or whether the backpack went with her from detention really was not a big factor in

---

[16] State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007).

my case." A.M. asserts that this statement means the evidence related to booking was still a factor in the trial court's decision.

Even so, the trial court did not include this evidence in its findings to support its conclusion that A.M. did not prove unwitting possession. In addition, other evidence included in the court's findings, like the fact that A.M. was the only person observed touching or handling the backpack, shows that the court relied on other evidence in determining A.M.'s guilt. Because the trial court did not rely on the evidence related to booking, A.M. cannot prove that it had identifiable consequences at trial. She did not show manifest constitutional error, so we decline to review the claim.

<u>Due Process</u>

Last, A.M. claims that Washington's possession of a controlled substance statute, RCW 69.50.4013, violates due process because the affirmative defense of unwitting possession shifts the burden of proof to the defendant. This contradicts settled authority. We review constitutional issues de novo.[17]

The Fourteenth Amendment to the United States Constitution prohibits a State from depriving a person of liberty without due process of law. Due process requires the State to prove every element of the charged offense to overcome the presumption of innocence in favor of the accused.[18] As discussed above, possession of a controlled substance is a strict liability crime.[19] The State must

---

[17] Bradshaw, 152 Wn.2d at 531.
[18] In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).
[19] Bradshaw, 152 Wn.2d at 532.

prove the nature of the substance and the fact of possession.[20] A defendant can avoid conviction by proving unwitting possession by a preponderance of the evidence.[21] A.M. contends that this shifts the burden of proof and deprives defendants of their liberty without due process.

In allocating burdens of proof in a criminal case, "there are obviously constitutional limits beyond which the States may not go."[22] A.M. relies on Schad v. Arizona[23] to provide guidance about how to determine when a State exceeds its discretion in defining an offense:

> Where a State's particular way of defining a crime has a long history, or is in widespread use, it is unlikely that a defendant will be able to demonstrate that the State has shifted the burden of proof as to what is an inherent element of the offense, or has defined as a single crime multiple offenses that are inherently separate. Conversely, a freakish definition of the elements of a crime that finds no analogue in history or in the criminal law of other jurisdictions will lighten the defendant's burden.

Our Supreme Court has held that the legislature has the authority to create a strict liability crime.[24] In State v. Bradshaw[25] and State v. Cleppe,[26] the court determined that based on the language and legislative history of the possession statute, the legislature clearly intended to make possession of a controlled

---

[20] Bradshaw, 152 Wn.2d at 538; RCW 69.50.4013.

[21] Bradshaw, 152 Wn.2d at 531, 533-34.

[22] Patterson v. New York, 432 U.S. 197, 225, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977).

[23] 501 U.S. 624, 640, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (footnote omitted).

[24] Bradshaw, 152 Wn.2d at 532.

[25] 152 Wn.2d 528, 531, 532-34, 539, 98 P.3d 1190 (2004) (rejecting defendants' due process challenge to the possession statute because they did not adequately brief the issue).

[26] 96 Wn.2d 373, 380-81, 635 P.2d 435 (1981).

substance a strict liability crime.[27] "In the 22 years since Cleppe, the legislature has not added a mens rea element."[28] The court explained that because mere possession does not have an inferred knowledge requirement, the affirmative defense of unwitting possession does not shift the burden of proving a mens rea element to the defendant.[29] Instead, it "ameliorates the harshness of a strict liability crime."[30] And the State must still meet its burden of proving the elements of the offense beyond a reasonable doubt.[31] As Schad reasons, when a State has a long history of defining a crime, as does Washington with possession of a controlled substance, it is "unlikely" that the defendant will be able show that the State has shifted the burden of proof.[32]

In State v. Schmeling,[33] Division Two of this court recently rejected a due process challenge to the possession statute based on our Supreme Court's reasoning in Bradshaw. Schmeling reasoned that because the Washington Supreme Court has repeatedly approved of the legislature's authority to adopt strict liability crimes and expressly stated that the possession statute contains no mens rea requirement, the possession statute does not violate due process.[34] We follow this reasoning and reject A.M.'s due process challenge.

---

[27] Bradshaw, 152 Wn.2d at 537.
[28] Bradshaw, 152 Wn.2d at 539.
[29] Bradshaw, 152 Wn.2d at 538.
[30] Bradshaw, 152 Wn.2d at 538.
[31] Bradshaw, 152 Wn.2d at 538.
[32] Schad, 501 U.S. at 640.
[33] 191 Wn. App. 795, 802, 365 P.3d 202 (2015).
[34] Schmeling, 191 Wn. App. at 802.

CONCLUSION

Substantial evidence supports the trial court's conclusion that A.M. did not prove unwitting possession by a preponderance. A.M. cannot prove that her alleged compelled statement constituted manifest constitutional error or that the possession statute shifts the burden in violation of due process. We affirm.

_Leach, J._

WE CONCUR:

_Schindler, J._                    _Becker, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 JUL 30 AM 9: 10