**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

In re the Dependency of:

Le.E. (DOB: 05/20/2013),

Lo.E. (DOB: 05/14/2008),

Li.E. (DOB: 11/14/2005),

              Minor children.

PATRICIA ANN WALSH,

              Appellant,

      v.

STATE OF WASHINGTON,
DEPARTMENT OF CHILDREN,
YOUTH, AND FAMILIES,

              Respondent.

No. 80430-8-I (consolidated with
No. 80431-6-I and No. 80432-4-I)

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. — Patricia Walsh challenges a superior court's order terminating her parental rights to her three children. She argues that the court violated due process when it allowed her to relinquish her parental rights without conducting an in-court colloquy on the voluntariness of the relinquishment. Because Walsh fails to establish a due process violation, we affirm.

FACTS

Patricia Walsh is the mother of three children: Le.E. (May 20, 2013), Lo.E. (May 14, 2008), and Li.E (November 14, 2005). In 2017, a juvenile court found

Citations and pincites are based on the Westlaw online version of the cited material.

the children to be dependent because Walsh was unable to adequately care for them due to her substance abuse. In 2018, the Department of Social and Health Services[1] filed a petition to terminate Walsh's parental rights to the children.

Before the termination trial, Walsh agreed to relinquish her parental rights and consent to the adoption of all three children. On August 17, 2019, at 11:40 a.m., Walsh signed a four page document entitled "Relinquishment of Custody, Consent to Termination/Adoption & Waiver of Right to Receive Notice of Proceedings." Walsh agreed that she consented "freely, voluntarily and with full knowledge of the consequences" and that "the consent is not the result of fraud or duress nor am I acting under the influence of anyone." The relinquishment document provided that Walsh had 48 hours in which to change her mind and revoke her relinquishment for any reason and that any revocation must be made in writing. The document also stated, in all capital letters, "I hereby waive notice of presenting this consent to the court and notice of further proceedings in this matter, including proceedings for the relinquishment, termination of parental rights, and adoption."

At 2:03 p.m. on August 19, 2019, the superior court held a hearing on Walsh's relinquishment. Counsel for Walsh told the court that he met with Walsh on August 16 about the relinquishment. He stated that they "discussed in significant detail the contents of the relinquishment" and that Walsh "fully understood what she was signing at the time." Counsel stated that Walsh knew

---

[1] As of July 1, 2018, the Department of Children, Youth, and Families has assumed the functions and duties of the Department of Social and Health Services related to child welfare services.

she would not be successful at trial and that "her best chance to have any contact with her children" was by relinquishing her parental rights and entering into an open adoption agreement. Walsh negotiated changes to the open adoption agreement with the Department regarding the number of visits she could have with the children. Counsel also stated:

> "Since that time, she has been in touch with me a number of times, and some of her emails and texts indicated to me a significant reluctance to do this. And because I was concerned about that, I have very recently on two separate occasions said to her, 'if you intend to revoke your relinquishments you must be here in court' and I told her exactly what it was."

The superior court signed findings of fact and conclusions of law accepting Walsh's relinquishment and terminating her parental rights. Walsh appeals.

## ANALYSIS

Washington's adoption statute, chapter 26.33 RCW, provides a procedure for parents to petition to voluntarily relinquish their parental rights. A parent petitioning for relinquishment must file a consent to adoption with the court.[2] The court must set a time and a place for a hearing to determine whether the consent has been validly executed.[3] The court may not hold this hearing until at least 48 hours after the parent signs the consent to adoption.[4] The court "may require the parent to appear personally and enter his or her consent to adoption on the record."[5] In the case of a non-Indian child, a parent "who has executed a valid

---

[2] RCW 26.33.080.
[3] RCW 26.33.090(1)(3).
[4] RCW 26.33.090(1).
[5] RCW 26.33.090(3).

waiver need not appear at the hearing."[6]  The waiver must "contain language explaining the meaning and consequences of the waiver and the meaning and consequences of termination of the parent-child relationship."[7]  Only if the child is an Indian child must the court "require the consenting parent to appear personally…to enter on the record his or her consent to the relinquishment or adoption."[8]  The court also has discretion to appoint a guardian ad litem to assess whether the parent's consent to adoption "was signed voluntarily and with an understanding of the consequences of the action."[9]

Walsh contends that the court's failure to perform an in-court colloquy with her before accepting her consent to adoption violates due process.  Walsh did not raise this issue below.  Generally, a party may raise on appeal only those issues raised at the trial court.[10]  RAP 2.5(a)(3) provides an exception for claims of manifest error affecting a constitutional right.  To be manifest error, the party must demonstrate that he or she suffered actual prejudice.[11]  Actual prejudice requires a "plausible showing by the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case."[12]  "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest."[13]

---

[6] RCW 26.33.060.

[7] RCW 26.33.310(4).

[8] RCW 26.33.090(3).

[9] RCW 26.33.070(1).

[10] RAP 2.5(a), In re Det. of Brown, 154 Wn. App. 116, 121, 225 P.3d 1028 (2010).

[11] State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001).

[12] State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

[13] State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009) (quoting State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

Walsh fails to show actual prejudice. She appears to argue that the court would have found her relinquishment to be involuntary if it had conducted a colloquy on the record. The record does not support this claim. It contains no evidence suggesting Walsh's relinquishment was not voluntary. Walsh's counsel stated only that Walsh was "reluctant" to sign the consent to adoption. But, he also noted that Walsh knew her rights would be terminated at trial and that she made the decision to relinquish them in order to maintain contact with her children. Walsh's counsel explained how she could revoke her consent if she had truly changed her mind. Walsh chose not to do so. Under these circumstances, Walsh fails to make a plausible showing that the outcome of the relinquishment hearing would have been different if the court had required an in-person colloquy. Consequently, there is no manifest constitutional error.

We also address the merits of Walsh's claim. Walsh does not make clear whether she is raising a facial or an as-applied challenge to the relinquishment procedure. Either challenge fails.

We review constitutional challenges de novo.[14] Statutes are presumed constitutional and the burden falls to the "challenger of a statute [to] prove beyond a reasonable doubt that the statute is unconstitutional."[15]

The essential elements of procedural due process are notice and a meaningful opportunity to be heard.[16] But, due process guarantees no particular

---

[14] Dependency of M.-A.F.-S., 4 Wn. App. 2d 425, 445, 421 P.3d 482 (2018).
[15] In re Welfare of A.W., 182 Wn.2d 689, 701, 344 P.3d 1186 (2015).
[16] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

form of procedure.[17] To determine whether Walsh received constitutionally adequate process, we consider the three factors identified in Mathews v. Eldridge[18] (1) the private interest at stake, (2) the risk of erroneously depriving a person of that interest through the procedure used, and (3) the State's interest. Contrary to Walsh's claim, these factors do not weigh in favor of requiring an on-the-record colloquy in every hearing on a relinquishment petition.

The private interest at stake is the parent-child relationship, which "undeniably warrants deference."[19] The State also has a parens patriae interest in "promoting the welfare of the child" with the goal of providing "a safe, stable and permanent home and a speedy resolution of any dependency and termination proceedings."[20] Thus, the critical inquiry is whether chapter 26.33 RCW, which does not require an in-court colloquy for the relinquishment of parental rights to a non-Indian child, risks erroneously depriving a parent of their parental rights.

We conclude that any such risk is minimal. Chapter 26.33 RCW contains significant safeguards against the erroneous relinquishment of parental rights. The relinquishment petition and consent to adoption must be in writing. The court may not hold a hearing and accept the relinquishment until a waiting period of at least 48 hours has passed. The petitioner must notify the parent of the time,

---

[17] Mitchell v. W.T Grant Co., 416 U.S. 600, 610, 94 S. Ct. 1895, 40 L.Ed. 2d 406 (1974).

[18] 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

[19] Lassiter v. Dep't of Social Servs. of Durham Cty., N.C., 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

[20] In re Dependency of T.R., 108 Wn. App. 149, 157-60, 29 P.3d 1275 (2001).

date, and location for the hearing. Until the court accepts the relinquishment, a parent may revoke their consent at any time and for any reason. A parent may only waive their appearance at the hearing if they acknowledge in writing the consequences of relinquishment. Even then, a court may exercise its discretion and require an in-person appearance. The statute also allows for the appointment of a guardian ad litem if there are questions about the parent's ability to voluntarily consent to adoption.

As discussed above, Walsh fails to show that she received anything less than constitutionally adequate process. She explicitly waived her appearance at the hearing in accordance with RCW 26.33.310(4). Walsh's counsel explained to Walsh how she could revoke her consent. Walsh did not do so and chose to proceed with the relinquishment hearing. Evidence that Walsh was reluctant to relinquish her parental rights, without more, does not show that Walsh's consent was involuntary. Walsh does not demonstrate a due process violation.

Affirmed.

_____
Leach, J.

WE CONCUR:

_____        _____

7