IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83833-4-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| ELIZABETH MARGARET STRATEGOS, | |
| Appellant. | |

HAZELRIGG, J. — Elizabeth Strategos entered a guilty plea which advised her of maximum penalties based on an inaccurate calculation of her offender score. However, the mistake was identified and corrected prior to the imposition of sentence. She signed a stipulation affirming that she had been advised of the error and her corrected sentencing range, and that she wished to proceed with sentencing. She now seeks to withdraw her plea and further challenges the imposition of the mandatory victim penalty assessment as unconstitutionally excessive. Finding no error, we affirm.

FACTS

Elizabeth Strategos was charged with assault in the second degree with a deadly weapon on November 3, 2021, based on an incident that occurred a few days prior. Pursuant to negotiations between the parties, the State filed an

amended information on February 9, 2022, which reduced the charge to assault in the third degree by criminal negligence. She entered a guilty plea to the amended charge that same day. Attached to her statement of defendant on plea of guilty was a written plea agreement, which included a statement of her criminal history signed by Strategos, her defense attorney, and the prosecutor.

Sentencing was held on February 25, 2022, and, at the start of the hearing, defense counsel advised the court that the parties had miscalculated Strategos's offender score. She indicated that the error did not change the agreed recommendation, but it did change the standard sentencing range. The prosecutor then provided the court with a stipulation signed by Strategos and both attorneys, acknowledging and correcting the error, setting out the proper standard range, and indicating that Strategos wished to proceed with sentencing.

The judge accepted the stipulation and proceeded to sentence Strategos after confirming the correct offender score of two and a standard range of 4-12 months of incarceration. However, the trial court rejected the parties' joint recommendation of nine months in jail and imposed a high end sentence of 12 months, based on the nature of the crime and the "danger that Ms. Strategos posed to these people." The court found Strategos was indigent and, on that basis, waived all non-mandatory fees. The mandatory $500 victim penalty assessment (VPA)[1] was imposed.

Strategos timely appealed.

---

[1] Trial courts, and different panels of this court, have alternately referred to the mandatory fee imposed pursuant to RCW 7.68.035 as the "victim penalty assessment," VPA, or "crime victim assessment," CVA. The parties here use VPA, so we also use that terminology.

ANALYSIS

I.    Strategos is not entitled to withdrawal of her guilty plea

Strategos asserts she is entitled to either withdrawal of her guilty plea, or "specific performance,"[2] based on inaccurate advice as to her offender score and standard sentencing range, arguing it rendered her guilty plea involuntary.

To comport with due process, a trial court may only accept a guilty plea that is made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238, 241-42, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "A knowing, voluntary, and intelligent guilty plea requires a meeting of the minds." State v. Mendoza, 157 Wn.2d 582, 590, 141 P.3d 49 (2006). When a guilty plea is based on incorrect information regarding a direct consequence of the plea, it may be deemed involuntary. Id. at 591. Accordingly, if a defendant enters a guilty plea based on a miscalculation of their offender score which results in an incorrect higher standard range, the defendant may move to withdraw the plea. Id. at 591-92.

> "However, if the defendant was clearly informed before sentencing that the correctly calculated offender score rendered the actual standard range lower than had been anticipated at the time of the guilty plea, and the defendant does not object or move to withdraw the plea on that basis before he is sentenced, the defendant waives the right to challenge the voluntariness of the plea."

Id. at 592.

---

[2] The joint recommendation of the parties was for a sentence of nine months in jail, which would have been a low end sentence under the mistaken range. The court ultimately imposed a sentence of 12 months in jail, which was the high end of both the erroneous and corrected ranges.

Because the prosecutor urged the court to impose nine months pursuant to the original plea agreement, and, more critically, because the judge has broad discretion to disregard all recommendations when imposing a sentence, it is unclear how specific performance would remedy the asserted error here.

Strategos expressly argues that the trial court "refused to allow" her to withdraw her plea after she "expressed a preference" to do so just prior to the imposition of sentence. However, the record establishes two critical facts fatal to Strategos's claims on this issue: first, she did not seek to withdraw her guilty plea, so the court did not refuse any such request, and second, her signed stipulation expressly indicated that she wished to proceed with sentencing.

A.     Strategos did not request to withdraw her guilty plea

Strategos asserts that she sought withdrawal of her guilty plea before the court imposed the sentence and cites to the transcript of the hearing. However, the record does not support this argument. The exchange identified by the defense as constituting both the request to withdraw the plea, and the court's denial of that request, is as follows:

> [Strategos]: Um, if I were to plea guilty to this, I would prefer it be an Alford[3] [p]lea because the whole report, to me, is fabricated and probably coached —
>
> I mean, she was never on top of the hood of the vehicle. They were running away laughing —
>
> [Defense counsel]: You have already entered a plea.
>
> The Court: Ma'am, you have already plead [sic] guilty.
>
> At this point, it is what I am going to sentence you to.
>
> [Strategos]: Understood.
>
> The Court: Do you have anything you would like to say to what I should or shouldn't do regarding your sentence?

---

[3] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Our Supreme Court adopted the Alford holding in State v. Newton, 87 Wn.2d 363, 552 P.2d 682 (1976).

[Strategos]: I just wanted to say that I don't know who these people are. I have gone out of my way not to memorize any information. I don't know their names. And I do not want any contact with them whatsoever in the future.

The Court: All right. Anything else?

[Strategos]: No, ma'am.

In briefing, the defense variously characterizes this exchange as, Strategos's "wish," "express[ion of] a preference," "clearly demonstrat[ing her] preference," and, ultimately, her "unequivocal request to withdraw her guilty plea."[4] At no point during this exchange, or any other portion of the sentencing hearing, did Strategos express a preference or wish to withdraw her plea, much less make an "unequivocal request" to do so. Rather, the record demonstrates that Strategos was initially mistaken about the purpose of the hearing and then corrected by her counsel and the court. When advised that she had already entered a plea of guilty, and that the sole purpose of the instant hearing was sentencing, she indicated only, "Understood." In fact, she was asked by the court if she had anything further and explicitly responded, "No, ma'am." Because no request to withdraw the plea was before the court, there was nothing to be "off handedly ignored."[5]

B.    Strategos signed a stipulation that she wished to proceed

Strategos urges this court to conclude that the mistake as to offender score and corresponding offender range rendered her guilty plea involuntary, and sets out case law regarding mutual mistake and remedies. She also emphasizes

---

[4] Appellant's Reply Brief at 1, 3, 6, and 4.
[5] Appellant's Reply Brief at 1.

that, "Nothing in the stipulation, or the entire record[,] establishes that Ms. Strategos was specifically informed she could withdraw the guilty plea or her [sic] insist on specific performance."[6]  It is noteworthy that Strategos does not challenge the validity of the signed stipulation, nor assert that counsel was ineffective.  She further offers no authority that suggests the stipulation was required to include this particular information.

The issue before us is ultimately whether Strategos is entitled to withdraw her plea based on the error of the parties.  Strategos offers State v. Walsh as controlling authority, but that case is distinguishable. 143 Wn.2d 1, 17 P.3d 591 (2001).  Walsh pleaded guilty to rape in the second degree based on the consideration of an incorrect standard range sentence in the plea agreement.  Id. at 3-4.  At the plea hearing, Walsh's standard range was presented as 86 to 114 months, and the prosecutor agreed to recommend a low end sentence of 86 months.  Id. at 4.  Before sentencing, however, it was discovered that Walsh's actual standard range sentence was 95 to 125 months.  Id.  At sentencing, the prosecutor presented the new standard range and recommended the new low end of 95 months.  Id. at 5.  Walsh was neither advised of the higher standard range nor aware of the prosecutor's changed recommendation; "There was simply no discussion of the matter at all."  Id.  Walsh did not move to withdraw his plea and was given an exceptional 136-month sentence.  Id.  For the first time, on appeal, Walsh argued that his plea was involuntary and that he was entitled to withdraw it.  Id. at 6.  Our Supreme Court agreed, noting that, "[Walsh] was never

---

[6] Appellant's Reply Brief at 9.

even offered an opportunity to withdraw his plea," and "the new standard range was not brought to his attention at the sentencing hearing." Id. at 7. Accordingly, the court held that the plea agreement was not voluntary and that Walsh was entitled to challenge its validity for the first time on appeal. Id. at 4. Unlike Walsh, who was unaware of the miscalculation and faced a higher standard range than agreed to, Strategos was informed that her offender score had been incorrectly calculated and that her standard range sentence was lower than represented in the plea agreement.

The State relies on State v. Mendoza in support of its argument that Strategos waived her right to challenge the plea as involuntary. 157 Wn.2d 582, 141 P.3d 49 (2006). Mendoza's offender score was incorrectly listed as seven in his plea statement, and that incorrect score was relied upon when negotiating the agreement. Id. at 584. As an offender score of seven would have resulted in a standard range of 51 to 60 months, the State agreed to recommend 60 months. Id. However, a sentencing report showed that Mendoza's actual offender score was six, resulting in a standard range of 41 to 54 months. Id. Accordingly, at sentencing, the State requested 54 months. Id. at 585. Mendoza did not object to the State's revised recommendation or raise any concern regarding his offender score or the lower standard range. Id. On review, the issue was whether the incorrect standard range sentence provided on the plea agreement rendered the plea involuntary "when the defendant is told after his plea is entered that he faces a lower standard range." Id. at 590. First, the court held that a guilty plea may be deemed involuntary when based on incorrect sentencing

consequences, "regardless of whether the actual sentencing range is lower or higher than anticipated." Id. at 591. Second, the court explained that "when the defendant is informed of the less onerous standard range before he is sentenced and given the opportunity to withdraw the plea," the defendant may waive the right to challenge his guilty plea on appeal. Id. As Mendoza was advised of the mistake before being sentenced, and did not object to the lower standard range or move to withdraw his plea as involuntary, the court held that he had waived his right to raise the issue on appeal. Id. at 592.

However, neither Walsh nor Mendoza involved a signed stipulation expressing the intent of the defendant to proceed with sentencing once the error had been identified and corrected. The stipulation at issue here is handwritten on a form "Order on Criminal Motion" and states:

> This Court, having heard a motion *that the parties improperly calculated the defendant's score as a "3" when it should be a "2," which reduces the standard range to 4-12 months. The defendant has been advised of this error and still wishes to proceed to sentencing.*[7]

Below the title of the order is a handwritten notation "Stipulation/Order" and the signatures of Strategos, her defense counsel, the prosecuting attorney, and the sentencing judge all appear at the bottom of the document.

It was undisputed at sentencing, and now on appeal, that there was a mutual mistake as to the applicable standard range. The parties appear to similarly agree that the error was corrected before the court imposed its sentence. The record demonstrates that Strategos signed a stipulation that

---

[7] The italicization in the quoted text represents the portion of the stipulation that is handwritten on the standardized court form.

explicitly indicated that she "still wishe[d] to proceed to sentencing." Strategos does not assign error to the court's acceptance of the stipulation, which suggests that she concedes its validity. In light of this record, she fails to demonstrate entitlement to withdrawal of her guilty plea.

II.     The VPA is not unconstitutionally excessive

Strategos asserts that the imposition of the VPA after the court's finding of indigency violates the excessive fines clauses of the state and federal constitutions. However, the State properly notes in its response brief that a panel of this court rejected the same argument in State v. Tatum, 23 Wn. App. 2d 123, 514 P.3d 763 (2022). Strategos did not respond to this argument or otherwise address Tatum in her reply brief.

We follow our own analysis and holding in Tatum and conclude that the VPA is not unconstitutionally excessive and the trial court did not err by imposing this mandatory fine.

Affirmed.

_____

WE CONCUR:

_____     _____